IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| GAARIES WILLIAMS<br>    TDCJ-CID #1428755 | §<br>§<br>§ | |
| VS. | § | C.A. NO. C-07-209 |
| | § | |
| DR. WILLIAM FLORES, ET AL. | § | |

**MEMORANDUM OPINION AND ORDER**
**ON DEFENDANTS' MOTION TO DISMISS**

In this civil rights action, plaintiff Gaaries Williams claims that defendants Nueces County and Dr. William Flores were deliberately indifferent to his serious medical needs while he was under their care in the custody of the Nueces County Jail. (D.E. 1). Pending is defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (D.E. 27). Plaintiff filed his response on October 16, 2007 (D.E. 35).[1] For the reasons stated herein, defendants' motion to dismiss is granted as to Nueces County, but denied as to Dr. Flores.

**I.     Jurisdiction.**

The Court has federal question jurisdiction. 28 U.S.C. § 1331. Upon consent of the parties (D.E. 22, 30), this case was referred to the undersigned magistrate judge to conduct all further proceedings, including entry of final judgment. (D.E. 33). See 28 U.S.C. § 636(c).

---

[1] The Clerk docketed plaintiff's response as a "motion for the court to review medical records" (D.E. 35). The Clerk shall terminate the instrument (D.E. 35) insofar as it purports to be a motion.

## II.     Background facts and plaintiff's allegations.

Plaintiff is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division ("TDCJ-CID"), and is currently incarcerated at the Dominguez State Jail in San Antonio, Texas.  He filed this action on May 4, 2007, claiming that, while he was in the custody of the Nueces County Sheriff's Department, he was denied insulin and his blood sugar was not controlled, in violation of his Eighth Amendment right to be free from cruel and unusual punishment.  (D.E. 1).  In addition, he alleged that he was denied medication for his mental disorders.  He named as defendants: the Nueces County Sheriff's Department; Spohn Hospital; and Dr. John Doe.[2] Id.

A Spears[3] hearing was conducted on June 11, 2007.  The following allegations were made in plaintiff's original complaint or at the hearing:

Plaintiff is diabetic, has Hepatitis C, and has been diagnosed as bi-polar and suffering from Post Traumatic Stress Disorder ("PTSD").  On December 12, 2006, plaintiff was arrested and taken to the Nueces County Jail.  During the intake process, plaintiff told jail officials that he was diabetic and taking the prescription drug Avandia to control his blood sugar.  However, jail officials concluded that he was *not* diabetic, although they did not run urine or blood tests.  Plaintiff asked the jail personnel to look at his prior arrest record to confirm that he was diabetic and had Hepatitis C, but they refused.

---

[2] At the August 8, 2007,evidentiary hearing, plaintiff was granted leave to amend his complaint to name Dr. Flores and Nueces County as defendants, and to seek monetary damages.

[3] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

On January 9, 2007, plaintiff completed a new medical history form. Plaintiff's medical history was reviewed by Dr. Flores, the Jail's contract physician, and thereafter, plaintiff was prescribed a medication, but it was not Avandia.

On February 27, 2007, plaintiff submitted a grievance complaining that, since 1981, Veterans' Affairs physicians had prescribed him Seraquin, a sleep-aid medication, but that defendants had changed his medications and he could not sleep. (D.E. 1 at 9). By response dated February 28, 2007, plaintiff was advised that a psychiatrist had reviewed his records and that he was to continue on his medications as prescribed. Id.

On March 14, 2007, plaintiff submitted a grievance relating that, for the past twenty-six years, he had been on medication for his PTSD, but, since entering the Jail, he had received only Trazodone, an antidepressant, and that this medication had done nothing "but build up anger inside [him]." (D.E. 1 at 5). Plaintiff related that he knew there were medicines that would help him, and he was angry that he was not getting them. Id. By response dated April 15, 2007, plaintiff was instructed to continue on his medications.

On March 25, 2007, plaintiff requested Interferon therapy for his Hepatitis C. (D.E. 1 at 8). Plaintiff was advised that Interferon therapy was not offered at the Jail. Id.

On April 24, 2007, plaintiff's blood sugar was 675. Plaintiff was started on insulin "around the clock" until his blood sugar was brought within normal limits. He was transferred out of the Jail on April 29, 2007.

Plaintiff complains that, during his four and a-half months stay in the Jail, Dr. Flores failed to prescribe the necessary medications to control properly his blood sugar or to treat his PTSD, but simply prescribed inadequate medications over plaintiff's objections and

3

without examining him. Plaintiff claims that, while at the Jail, he lost 35 pounds, was constantly fatigued, and had symptoms of frequent urination and bloody stools. His hands cramped constantly, a condition plaintiff attributed to carpel tunnel syndrome; however, TDCJ medical officials have since diagnosed the pain as diabetic neuropathy. Plaintiff maintains that the diabetic neuropathy was caused because he did not have the proper diabetes medication while in the Jail.

Plaintiff is seeking compensatory and punitive damages for his pain and suffering.[4]

### III.   Section 1983 claims and Rule 12(b)(6) dismissals.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995). Under Rule 12(b)(6), Fed. R. Civ. P., a case will not be dismissed for failure to state a claim unless plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Cuvillier v. Taylor, 503 F.3d 397, 401 n. 4 (5th Cir. 2007). See also Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002). The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. Id.

### IV.   Discussion.

Plaintiff claims that defendants were deliberately indifferent to his health and safety in violation of his Eighth Amendment right to be free from cruel and unusual punishment.

---

[4] Because plaintiff has been transferred from the Jail, any claims for injunctive relief against defendants is now moot. See Edwards v.Johnson, 209 F.3d 772, 776 (5th Cir. 2000).

The Fifth Circuit has held that "the State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs, including medical care ..., during their confinement." Hare v. City of Corinth, 74 F.3d 633, 650 (5th Cir. 1996). Thus, regardless whether the inmate is a pretrial detainee or a convicted prisoner, the standard of liability is the same for episodic acts or omissions of jail officials that expose an inmate to harm. Id.

The Eighth Amendment imposes a duty on prison officials to "provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994) (internal quotation omitted). A prison official violates this duty when by act or omission he is deliberately indifferent to prison conditions which pose a substantial risk of serious harm. Id. at 834.

In order to state a § 1983 claim for denial of adequate medical treatment, a prisoner must allege the official(s) acted with deliberate indifference to serious medical needs. Wilson v. Seiter, 501 U.S. 294, 303.(1991); Estelle v. Gamble, 429 U.S. 97, 105 (1976); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991). Deliberate indifference encompasses more than mere negligence on the part of prison officials. Farmer, 511 U.S. at 837. It requires that prison officials be both aware of specific facts from which the inference could be drawn that a serious medical need exists and then the prison official, perceiving the risk, must deliberately fail to act. Id. Furthermore, negligent medical care does not constitute a valid § 1983 claim. Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993). See also Graves v. Hampton, 1 F.3d 315, 319 (5th Cir. 1993) ("[i]t is well established that

negligent or erroneous medical treatment or judgment does not provide a basis for a § 1983 claim"). As long as prison medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights. Youngberg v. Romeo, 457 U.S. 307, 322-23 (1982). Finally, active treatment of a prisoner's serious medical condition does not constitute deliberate indifference, even if treatment is negligently administered. See Stewart v. Murphy, 174 F.3d 530, 534 (5th Cir. 1999); Mendoza, 989 F.2d at 195; Varnado, 920 F.2d at 321. "Deliberate indifference is an "extremely high standard to meet." Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001).

### A. Nueces County.

As a unit of local government, Nueces County cannot be held liable under 42 U.S.C. § 1983 for the actions of officers or employees on a theory of *respondeat superior*. Monell v. Dep't of Social Services, 436 U.S. 658, 691(1978). A municipality such as Nueces County is only liable under § 1983 for a deprivation of rights protected by the Constitution or federal law that is inflicted pursuant to official policy. Monell, 436 U.S. at 694. Thus, in addition to the underlying claim of a violation of rights, municipal liability under § 1983 requires proof of three elements: "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." Cox v. City of Dallas, 430 F.3d 734, 748 (5th Cir. 2005) (citations omitted), cert. denied, 126 S. Ct. 2039 (2006).

An alleged failure to train employees can reflect a policy for purposes of liability under § 1983 where the failure to train represents a deliberate or conscious choice by a municipality. See City of Canton v. Harris, 489 U.S. 378, 389 (1989). Thus, "a municipality can, in some circumstances, be held liable under § 1983 'for constitutional violations

resulting from its failure to train municipal employees.'" Collins v. City of Harker Heights, 503 U.S. 115, 122 (1992) (quoting City of Canon, 489 U.S. at 380). Isolated violations are not the persistent, often repeated constant violations that constitute official custom and policy. Fraire v. City of Arlington, 957 F.2d 1268, 1278 (5th Cir. 1992).

In this case, plaintiff fails to allege any facts to suggest that Nueces County had a policy or custom of denying prisoners certain medications despite an awareness that the health of the inmates' might suffer, or that it failed to train its medical staff regarding inmates' medical needs. Nueces County admits that it does not provide Interferon therapy to jail inmates. (D.E. 27 at 6). However, a refusal to provide a specific treatment requested by an inmate does not necessarily equate with deliberate indifference. Indeed, there are often many courses of treatment for a particular illness, and the fact that plaintiff and defendants may differ on the selected course does not amount to a constitutional violation. Banuelos, 41 F.3d at 235 (disagreement between inmate and medical staff concerning whether certain medical treatment was appropriate generally is not actionable absent exceptional circumstances). Plaintiff does not claim that he was on Interferon therapy for his Hepatitis C prior to being taken into Jail custody, nor does he claim that Interferon is the only truly effective treatment for his disease.

Similarly, that plaintiff was given different medications than those he took prior to being arrested does not support a claim of deliberate indifference against Nueces County. Plaintiff admits that he completed a new medical history form on January 9, 2007, that he had access to a grievance system to complain about his medications, and that he was repeatedly reassured that his medications were being monitored by a psychiatrist and to continue with

them as prescribed. There are simply no facts of an unconstitutional policy or practice by Nueces County. Accordingly, defendants' motion to dismiss Nueces County for failure to state a claim is granted.

### B.     Dr. Flores.

Dr. Flores argues that plaintiff fails to state a deliberate indifference claim against him because he fails to establish that Dr. Flores *knew of* plaintiff's serious medical conditions, and then refused to treat them. (D.E. 27 at 5). Dr. Flores argues that, even if plaintiff could establish a constitutional violation, he would be entitled to qualified immunity as his actions were objectively reasonable. Id. at 6.

Dr. Flores fails to establish that plaintiff cannot prove any set of facts that would entitle him to relief. Cuvillier, 503 F.3d at 401 n. 4. Plaintiff states that he told the jail staff at intake about his medical conditions, he submitted a new medical history form in January 2007, and filed numerous grievances requesting and/or complaining about medical care. In response to a least two of the grievances, plaintiff was advised that Dr. Flores had reviewed his complaints and was continuing his medications as he originally ordered. There is evidence thus establishing that Dr. Flores was aware of plaintiff's serious medical needs. The fact that plaintiff's blood sugar was 675 on April 24, 2007, is some evidence that his serious medical needs were not being addressed.

The facts of this case may later prove that plaintiff merely had a disagreement over his treatment plan, and that Dr. Flores's actions in treating him were objectively reasonable, or at the worst, negligent, which is not actionable under § 1983. However, plaintiff has

clearly stated a claim of deliberate indifference such that Dr. Flores' Rule 12(b)(6) motion to dismiss cannot be sustained. Accordingly, Dr. Flores' motion to dismiss is denied.

## IV. Conclusion.

For the reasons stated above, defendants' motion to dismiss for failure to state a claim (D.E. 27), is GRANTED as to defendant Nueces County, and Nueces County is dismissed from this lawsuit. The motion to dismiss as to defendant Dr. Flores is DENIED.

ORDERED this 4th day of February, 2008.

_____

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE